EXHIBIT 1

NORTH CAROLINA                 IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
ROWAN COUNTY                  File No. 22 CVS 955

DUNDRIELLE BLAKENEY,  )
      Plaintiff,  )
                      )    COMPLAINT
-vs-                   )
                      )    JURY TRIAL DEMANDED
WAFFLE HOUSE, INC.,       )
      Defendant.       )

The plaintiff, complaining of the defendant, says:

### PARTIES AND VENUE

1. Plaintiff is a resident of Rowan County, North Carolina.

2. Defendant Waffle House, Inc. is a business corporation incorporated in the State of Georgia, but also organized in and existing under the laws of the State of North Carolina with its North Carolina registered agent located in Wake County, North Carolina.

3. Defendant owns, operates, and is responsible for the Waffle House restaurant where plaintiff's injuries occurred, which is the subject of this lawsuit, which is Waffle House Unit 2033 at 501 East Innes Street, Salisbury, North Carolina 28144 in Rowan County, North Carolina.

### FACTS

4. On June 30, 2019 at approximately 3:00am, Plaintiff was a customer and business invitee at Defendant's Waffle House restaurant located at 501 East Innes Street, Salisbury, North Carolina 28144.

5. On the above-mentioned date and time, plaintiff was attracted to Defendant's Waffle House restaurant by reason that the restaurant was open for business, that plaintiff was hungry and thirsty, and was in need of the goods and services customarily offered by a Waffle House restaurant owned and operated by defendant. Plaintiff relied on the reputation of defendant as a large corporation, which maintains many locations, that defendant's premises would be safe.

6. On the above-mentioned date and time, plaintiff entered Defendant's Waffle House restaurant as a customer and business invitee, in that plaintiff was there to purchase goods and services, which were for sale to the public and therefore, plaintiff was on defendant's premises for the mutual benefit of defendant and himself.

7. While plaintiff was inside Defendant's Waffle House restaurant as a customer and business invitee, another person entered defendant's premises and began shooting a firearm at plaintiff.

8. Plaintiff sustained very serious personal injuries due to this incident.

9. Defendant's Waffle House restaurant's location where this incident occurred is in a dangerous location where there have been previous instances of violence.

10. Prior to plaintiff's injuries, defendant knew, or should have known, there have been previous instances of violence at Defendant's Waffle House restaurant's location.

11. When members of the public in the City of Salisbury were notified that defendant intended to build a Waffle House restaurant at the 501 East Innes Street location in 2012, defendant received opposition from members of the community at the Planning Board meeting due to that area being a "hot spot for criminal activity." See Salisbury Post on or about November 28, 2012.

12. Prior to building at that location, defendant knew, or should have known, there were problems of criminal activity and violence at that location and members of the public were concerned that opening a 24-hour establishment in that particular area would increase violence, especially at nighttime.

13. Prior to defendant building at that location, numerous property owners spoke against defendant's rezoning request due to fears that a 24-hour establishment in that area would increase violence.

14. Prior to Defendant's Waffle House restaurant at 501 East Innes Street was built, Defendant knew, or should have known, that the Wilco-Hess gas station located across the street was hiring police officers to provide security on weekends, particularly at night, due to criminal activity.

15. Defendant's Waffle House location where this incident occurred, as well as Defendant's other Waffle House location on Jake Alexander Blvd., Salisbury, NC, has hired security detail to be present in the evenings and weekends when violence is more prevalent.

16. At the time of plaintiff's injury, which occurred on a weekend during the night time hours, Defendant did not have any off-duty privately paid police, or any type of security detail on duty, when this incident occurred.

17. Plaintiff contends that if Defendant had off-duty privately paid police, or some type of security detail, at their location at the time of his injuries, that he would not have been injured, or that his injuries would not have been as bad.

## CLAIMS OF NEGLIGENCE

18. Paragraphs 1 through 17 are reasserted and incorporated herein by reference.

19. Defendant was negligent in that they:

a. Failed in their duty to customers and business invitees, such as the plaintiff, to exercise ordinary care to keep their restaurant in a reasonably safe condition when defendant knew their business would be used by customers, such as the plaintiff;

b. Failed in their duty to customers and business invitees, such as the plaintiff, to give warning of unsafe conditions insofar as they can be determined by reasonable supervision;

c. Failed in their duty to customers and business invitees, such as the plaintiff, in that Defendant knew, or should have known, their restaurant was in a dangerous location where off-duty police or private-pay security was needed on weekends, and particularly at night on the weekends, and defendant negligently failed to do so after actual or constructive notice.

d. Failed in their duty to customers and business invitees, such as the plaintiff, to protect and warn of a third person's criminal acts, in that plaintiff was a customer and business invitee at defendant's restaurant and was on defendant's premises during business hours for the proper purpose of buying and consuming food and drink, and that while on the premises plaintiff was seriously injured from the criminal acts of a third person, which defendant knew, or should have known, of the criminal activity in the area of their restaurant, particularly at night and on weekends, and plaintiff's injuries could have been prevented by the exercise of ordinary care;

e. Failed to keep a reasonable lookout over their store to keep a watch out for dangers of their customers and business invitees;

f. Was negligent in any other way to be shown by the evidence.

## FIRST CLAIM FOR DAMAGES

20. Paragraphs 1 through 19 are reasserted and incorporated herein by reference.

21. As a proximate and direct result of the negligence of defendant, plaintiff received serious, painful, and possibly permanent bodily injuries. These injuries have caused medical expenses, lost wages, severe pain and suffering, and other expenses to Plaintiff. Plaintiff is informed, believes and so alleges that his injuries could become permanent and disabling. As a result of the negligence of the defendant, plaintiff is entitled to recover a sum in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) in compensatory damages with costs and interest from the date this suit is instituted;

## SECOND CLAIM FOR DAMAGES – PUNITIVE DAMAGES

22. Paragraphs 1 through 21 are reasserted and incorporated herein by reference.

23. Defendant's actions as laid out in this complaint rise to the level of gross negligence and willful or wanton conduct through the disregard of and indifference to the rights and safety of their business invitees, namely the plaintiff, which defendant knew, or should have known, was likely to result in injury, damage, or other harm by being open for 24 hours per day in that location with no privately paid security on the premises.

24. As a direct and proximate result of defendant's gross negligence and willful or wanton conduct, plaintiff received serious, painful, and possibly permanent bodily injuries. These injuries have caused medical expenses, lost wages, severe pain and suffering, and other expenses to plaintiff. Plaintiff is entitled to recover punitive damages against the defendant due to defendant's misconduct and to deter defendant from engaging in such misconduct in the future, in an amount to be determined by the Jury which plaintiff requests to be in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) with costs and interest from the date this suit is instituted;

WHEREFORE, Plaintiff prays the Court, that:

1. Plaintiff Dundrielle Blakeney recover from the Defendant Waffle House, Inc., damages in an amount greater than Twenty-Five Thousand Dollars ($25,000.00) in compensatory damages with costs and interest from the date this suit is instituted;

2. Plaintiff Dundrielle Blakeney recover from the Defendant Waffle House, Inc., punitive damages in an amount to be determined by the Jury, which plaintiff requests an amount greater than Twenty-Five Thousand Dollars ($25,000.00) with costs and interest from the date this suit is instituted;

3. The costs of this action be taxed against Defendant, including an award of reasonable attorney's fees pursuant to G.S. § 6-21.1.

4. For such other and further relief as the Court deems just and proper.

This the 18 day of April, 2022.

*Peter C. Smith* (signature)

Peter C. Smith
KOONTZ & SMITH
Attorneys for Plaintiff
P.O. Drawer 1067
Salisbury, North Carolina 28145-1067
Telephone: (704) 636-2974

NORTH CAROLINA

ROWAN COUNTY

DUNDRIELLE BLAKENEY, being duly sworn, deposes and says that he has read the foregoing Complaint and knows the contents thereof and that the same is true of his own knowledge, except as to such matters and things therein stated upon information and belief and as to those he believes it to be true.

_____
Dundrielle Blakeney

Subscribed and sworn to before me,

this the 18 day of April, 2022.

_____
NOTARY PUBLIC

My commission expires:

July 7, 2026

[Notary Seal: HEATHER N WATKINS, NOTARY PUBLIC, CABARRUS COUNTY, NC]

| STATE OF NORTH CAROLINA | File No. 22 CVS 955 |
|---|---|
| Rowan County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Dundrielle Blakeney |
| Address |
| c/o Peter C. Smith, 225 N Main Street, Suite 304 |
| City, State, Zip |
| Salisbury                              NC         28144 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| Name Of Defendant(s) | Date Original Summons Issued |
|---|---|
| Waffle House, Inc. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Waffle House, Inc.<br>c/o Corporation Service Company<br>2626 Glenwood Avenue, Suite 550<br>Raleigh                              NC         27608 | |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Peter C. Smith<br>225 N Main Street<br>Suite 304<br>Salisbury                              NC         28144 | 06-03-2022 | 3:00  ☐ AM  ☐ PM |
| | Signature | |
| | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE)<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM  ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 1:22-cv-00506   Document 1-1   Filed 07/01/22   Page 6 of 7

| RETURN OF SERVICE | | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts